IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH OLSON, | No. 3:15-cv-00562-CRB |
| Plaintiff, | **ORDER DENYING MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL** |
| v. | |
| RIVERBED TECHNOLOGY, INC., ET AL., | |
| Defendants. | |

Plaintiff Seth Olson moves to be appointed Lead Plaintiff and that law firm Robbins Arroyo LLP be appointed Lead Counsel in a putative shareholder class action for alleged disclosure violations in connection with Defendant Riverbed Technologies proposed acquisition by Thoma Bravo, LLC. Mot. (dkt. 15). Olson filed his Complaint (dkt. 1) in this Court on February 5, 2015, and shortly thereafter published notice of the action. No other class member has filed a motion for lead plaintiff status or opposed Olson's motion.

However, counsel for Riverbed Technology has notified this Court—as Olson's counsel had not so done—that seven separate class actions, alleging the same claims and representing the same class of Riverbed stockholders, have been consolidated before the Delaware Court of Chancery into a single case titled <u>In re Riverbed Technology Stockholders Litigation</u>, C.A. No. 10484-VCG. In fact, the parties in the Delaware action finalized a Stipulation of Settlement on April 8, 2015, that provides for a complete release on behalf of

1  the same class of stockholders of all claims against the defendants related to the proposed
2  acquisition, including claims related to Riverbed's public disclosures.  <u>See</u> Stipulation of
3  Settlement (dkt. 18 at Ex. 1).  Additionally, the Delaware Court of Chancery entered an order
4  preliminarily certifying a class consisting of all Riverbed stockholders who held shares
5  between December 14, 2014, and the closing of the proposed acquisition, and temporarily
6  enjoined class members from pursuing the settled claims pending the final settlement
7  approval hearing on July 27, 2015.  <u>See</u> Scheduling Order (dkt. 18 at Ex. 2) at ¶¶ 2, 8.

     Accordingly, the Court finds it is in the best interest of the class to DENY Olson's instant motion without prejudice to re-file pending resolution of the Delaware action.  <u>See</u> 15 U.S.C. § 78u-4(a).

**IT IS SO ORDERED.**

Dated: May 22, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

2